1  Randy Renick [S.B. # 179652]
2  Cornelia Dai [S.B. # 207435]
   HADSELL STORMER & RENICK LLP
3  128 North Fair Oaks Avenue
   Pasadena, California 91103
4  Telephone: (626) 585-9600
   Facsimile: (626) 577-7079
5  email: rrr@hadsellstormer.com
   email: cdai@hadsellstormer.com
6
   Elizabeth Ann Lawrence [S.B. # 111781]
7  DAVIS, COWELL & BOWE, LLP
   595 Market Street, Suite 1400
8  San Francisco, CA 94105
   Telephone: (415) 597-7200
9  Facsimile: (415) 597-7201
   email: elawrence@dcbsf.com
10
   Attorneys for Plaintiffs
11

```
FILED
CLERK, U.S. DISTRICT COURT

SEP 2 6 2014

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY
```

12              UNITED STATES DISTRICT COURT

13        CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

14

15  ERIK MAITLAND and CHESTER          ) Case No: 2:14-CV-05619-R (JEMx)
16  SUMMERS on behalf of themselves    )
    and all others similarly situated, ) Assigned to the Honorable Manuel L.
17                                      ) Real – Courtroom 8
18              Plaintiffs,             ) [PROPOSED] PROTECTIVE
                                        ) ORDER – CONFIDENTIAL AND
19        vs.                           ) PRIVILEGED INFORMATION
20                                      )
    AUDIO VISUAL SERVICES              ) Complaint Filed:      6/20/14
21  GROUP, INC. dba PSAV               ) Ntce of Removal Filed: 7/21/14
    PRESENTATION SERVICES, and         )
22  Does 1-100,                        )
23                                      )
24              Defendants.            )
                                        )
25                                      )
                                        )
26                                      )
                                        )
27                                      )
28

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

After reviewing the joint Stipulation for Protective Order – Confidential and Privileged Information, submitted by the Parties to *Maitland v. Audio Visual Services Group, Inc. dba PSAV Presentation Services*, Plaintiffs Erik Maitland and Chester Summers and Defendant Audio Visual Services Group, Inc. dba PSAV Presentation Services ("Parties"), and finding good cause therefore, the Court hereby orders:

1.   In this Protective Order, the words set forth below shall have the following meanings:

a.   "Proceeding" means the above-entitled proceeding, Case No. 2:14-CV-05619-R (JEMx).

b.   "Court" means the Hon. Manuel L. Real, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.   "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d.   "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Protective Order.

e.   "Designating Party" means the Party that designates Materials as "Confidential."

f.   "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g.   "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

1

1        h.   "Information" means the content of Documents or Testimony.

2        i.   "Testimony" means all depositions, declarations or other testimony

3    taken or used in this Proceeding.

4        2.   The Designating Party shall have the right to designate as "Confidential"

5    any Documents, Testimony or Information that the Designating Party in good faith

6    believes to contain non-public information that is entitled to confidential treatment

7    under applicable law.  By making the designation, the Designating Party is certifying to

8    the Court that there is a good faith basis both in law and fact for the designation within

9    the meaning of Federal Rule of Civil Procedure 26(g).

10       3.   The entry of this Stipulated Protective Order does not alter, waive,

11   modify, or abridge any right, privilege or protection otherwise available to any Party

12   with respect to the discovery of matters, including but not limited to any Party's right

13   to assert the attorney-client privilege, the attorney work product doctrine, or other

14   privileges, or any Party's right to contest any such assertion.

15       4.   Any Documents, Testimony or Information to be designated as

16   "Confidential" must be clearly so designated before the Document, Testimony or

17   Information is Disclosed or produced.  The parties may agree that the case name and

18   number are to be part of the "Confidential" designation. The "Confidential"

19   designation should not obscure or interfere with the legibility of the designated

20   Information.

21       a.   For Documents (apart from transcripts of depositions or other

22   pretrial or trial proceedings), the Designating Party must affix the legend

23   "Confidential" on each page of any Document containing such designated Confidential

24   Material.

25       b.   For Testimony given in depositions the Designating Party may

26   either:

27       i.   identify on the record, before the close of the deposition, all

28   "Confidential" Testimony, by specifying all portions of the Testimony that qualify as

1   "Confidential;" or

2               ii.      designate the entirety of the Testimony at the deposition as

3   "Confidential" (before the deposition is concluded) with the right to identify more

4   specific portions of the Testimony as to which protection is sought within 30 days

5   following receipt of the deposition transcript. In circumstances where portions of the

6   deposition Testimony are designated for protection, the transcript pages containing

7   "Confidential" Information may be separately bound by the court reporter, who must

8   affix to the top of each page the legend "Confidential," as instructed by the

9   Designating Party.

10              c.      For Information produced in some form other than Documents, and

11  for any other tangible items, including, without limitation, compact discs or DVDs, the

12  Designating Party must affix in a prominent place on the exterior of the container or

13  containers in which the Information or item is stored the legend "Confidential." If only

14  portions of the Information or item warrant protection, the Designating Party, to the

15  extent practicable, shall identify the "Confidential" portions.

16          5.      The inadvertent production by any of the Parties or non-Parties to the

17  Proceedings of any Document, Testimony or Information during discovery in this

18  Proceeding without a "Confidential" designation, shall be without prejudice to any

19  claim that such item is "Confidential" and such Party shall not be held to have waived

20  any rights by such inadvertent production.  In the event that any Document, Testimony

21  or Information that is subject to a "Confidential" designation is inadvertently produced

22  without such designation, the Party that inadvertently produced the document shall

23  give written notice of such inadvertent production within twenty (20) days of discovery

24  of the inadvertent production, together with a further copy of the subject Document,

25  Testimony or Information designated as "Confidential" (the "Inadvertent Production

26  Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received

27  the inadvertently produced Document, Testimony or Information shall promptly

28  destroy the inadvertently produced Document, Testimony or Information and all copies

3

[PROPOSED] PROTECTIVE ORDER – CONFID. AND PRIV. INFO

1    thereof, or, at the expense of the producing Party, return such together with all copies

2    of such Document, Testimony or Information to counsel for the producing Party and

3    shall retain only the "Confidential" designated Materials. Should the receiving Party

4    choose to destroy such inadvertently produced Document, Testimony or Information,

5    the receiving Party shall notify the producing Party in writing of such destruction

6    within ten (10) days of receipt of written notice of the inadvertent production. In the

7    event that this provision conflicts with any applicable law regarding waiver of

8    confidentiality through the inadvertent production of Documents, Testimony or

9    Information, such law shall govern.  This provision is not intended to apply to any

10   inadvertent production of any Information protected by attorney-client or work product

11   privileges.  The possible inadvertent production of any Information protected by the

12   attorney-client, work product, or other privilege through the inadvertent production of

13   Documents, Testimony, or Information, is governed by the terms of Exhibit B hereto,

14   the "Claw-Back" Provisions.

15          6.     In the event that counsel for a Party receiving Documents, Testimony or

16   Information in discovery designated as "Confidential" objects to such designation with

17   respect to any or all of such items, said counsel shall advise counsel for the

18   Designating Party, in writing, of such objections, the specific Documents, Testimony or

19   Information to which each objection pertains, and the specific reasons and support for

20   such objections (the "Designation Objections"). Counsel for the Designating Party

21   shall have thirty (30) days from receipt of the written Designation Objections to either

22   (a) agree in writing to de-designate Documents, Testimony or Information pursuant to

23   any or all of the Designation Objections and/or (b) file a motion with the Court seeking

24   to uphold any or all designations on Documents, Testimony or Information addressed

25   by the Designation Objections (the "Designation Motion"). Pending a resolution of the

26   Designation Motion by the Court, any and all existing designations on the Documents,

27   Testimony or Information at issue in such Motion shall remain in place. The

28   Designating Party shall have the burden on any Designation Motion of establishing the

4

1   applicability of its "Confidential" designation. In the event that the Designation

2   Objections are neither timely agreed to nor timely addressed in the Designation

3   Motion, then such Documents, Testimony or Information shall be de-designated in

4   accordance with the Designation Objection applicable to such material.

5         7.     Access to and/or Disclosure of Confidential Materials designated as

6   "Confidential" shall be permitted only to the following persons:

7             a.     the Court;

8             b.     (1) Attorneys of record in the Proceedings and their affiliated

9   attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are

10  actively involved in the Proceedings and are not employees of any Party. (2) In-house

11  counsel to the Parties and the paralegal, clerical and secretarial staff employed by such

12  counsel.  Provided, however, that each non-lawyer given access to Confidential

13  Materials shall be advised that such Materials are being Disclosed pursuant to, and are

14  subject to, the terms of this Protective Order and that they may not be Disclosed other

15  than pursuant to its terms;

16            c.     those officers, directors, partners, members, employees and agents

17  of all nondesignating Parties that counsel for such Parties deems necessary to aid

18  counsel in the prosecution and defense of this Proceeding; provided, however, that

19  prior to the Disclosure of Confidential Materials to any such officer, director, partner,

20  member, employee or agent, counsel for the Party making the Disclosure shall deliver

21  a copy of this Protective Order to such person, shall explain that such person is bound

22  to follow the terms of such Order, and shall secure the signature of such person on a

23  statement in the form attached hereto as Exhibit A;

24            d.     court reporters in this Proceeding (whether at depositions, hearings,

25  or any other proceeding);

26            e.     any deposition, trial or hearing witness in the Proceeding who

27  previously has had access to the Confidential Materials, or who is currently or was

28  previously an officer, director, partner, member, employee or agent of an entity that has

1   had access to the Confidential Materials;

2         f.      any deposition or non-trial hearing witness in the Proceeding who

3   previously did not have access to the Confidential Materials; provided, however, that

4   each such witness given access to Confidential Materials shall be advised that such

5   Materials are being Disclosed pursuant to, and are subject to, the terms of this

6   Protective Order and that they may not be Disclosed other than pursuant to its terms;

7         g.      mock jury participants, provided, however, that prior to the

8   Disclosure of Confidential Materials to any such mock jury participant, counsel for the

9   Party making the Disclosure shall deliver a copy of this Protective Order to such

10  person, shall explain that such person is bound to follow the terms of such Order, and

11  shall secure the signature of such person on a statement in the form attached hereto as

12  Exhibit A.

13        h.      outside experts or expert consultants consulted by the Parties or

14  their counsel in connection with the Proceeding, whether or not retained to testify at

15  any oral hearing; provided, however, that prior to the Disclosure of Confidential

16  Materials to any such expert or expert consultant, counsel for the Party making the

17  Disclosure shall deliver a copy of this Protective Order to such person, shall explain its

18  terms to such person, and shall secure the signature of such person on a statement in

19  the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon

20  learning of any breach or threatened breach of this Protective Order by any such expert

21  or expert consultant, to promptly notify counsel for the Designating Party of such

22  breach or threatened breach; and

23        i.      any other person that the Designating Party agrees to in writing.

24  8.      Confidential Materials shall be used by the persons receiving them only

25  for the purposes of preparing for, conducting, participating in the conduct of, and/or

26  prosecuting and/or defending the Proceeding, and not for any business or other purpose

27  whatsoever.

28  9.      Any Party to the Proceeding (or other person subject to the terms of this

1  Protective Order) may ask the Court, after appropriate notice to the other Parties to the

2  Proceeding, to modify or grant relief from any provision of this Protective Order.

3       10.    Entering into, agreeing to, and/or complying with the terms of this

4  Protective Order shall not:

5       a.    operate as an admission by any person that any particular

6  Document, Testimony or Information marked "Confidential" contains or reflects trade

7  secrets, proprietary, confidential or competitively sensitive business, commercial,

8  financial or personal information; or

9       b.    prejudice in any way the right of any Party (or any other person

10  subject to the terms of this Protective Order):

11       i.    to seek a determination by the Court of whether any

12  particular Confidential Material should be subject to protection as "Confidential" under

13  the terms of this Protective Order; or

14       ii.    to seek relief from the Court on appropriate notice to all other

15  Parties to the Proceeding from any provision(s) of this Protective Order, either

16  generally or as to any particular Document, Material or Information.

17       11.    Any Party to the Proceeding who has not executed this Protective Order

18  as of the time it is presented to the Court for signature may thereafter become a Party

19  to this Protective Order by its counsel's signing and dating a copy thereof and filing the

20  same with the Court, and serving copies of such signed and dated copy upon the other

21  Parties to this Protective Order.

22       12.    Any Information that may be produced by a non-Party witness in

23  discovery in the Proceeding pursuant to subpoena or otherwise may be designated by

24  such non-Party as "Confidential" under the terms of this Protective Order, and any

25  such designation by a non-Party shall have the same force and effect, and create the

26  same duties and obligations, as if made by one of the Parties hereto. Any such

27  designation shall also function as a consent by such producing Party to the authority of

28  the Court in the Proceeding to resolve and conclusively determine any motion or other

1  application made by any person or Party with respect to such designation, or any other
2  matter otherwise arising under this Protective Order.
3      13.    If any person subject to this Protective Order who has custody of any
4  Confidential Materials receives a subpoena or other process ("Subpoena") from any
5  government or other person or entity demanding production of Confidential Materials,
6  the recipient of the Subpoena shall promptly give notice of the same by electronic mail
7  transmission, followed by either express mail or overnight delivery to counsel of
8  record for the Designating Party, and shall furnish such counsel with a copy of the
9  Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion
10 and at its own cost, move to quash or limit the Subpoena, otherwise oppose production
11 of the Confidential Materials, and/or seek to obtain confidential treatment of such
12 Confidential Materials from the subpoenaing person or entity to the fullest extent
13 available under law. The recipient of the Subpoena may not produce any Documents,
14 Testimony or Information pursuant to the Subpoena prior to the date specified for
15 production on the Subpoena.
16     14.    Nothing in this Protective Order shall be construed to preclude either
17 Party from asserting in good faith that certain Confidential Materials require additional
18 protection.  The Parties shall meet and confer to agree upon the terms of such
19 additional protection.
20     15.    If, after execution of this Protective Order, any Confidential Materials
21 submitted by a Designating Party under the terms of this Protective Order is Disclosed
22 by a non-Designating Party to any person other than in the manner authorized by this
23 Protective Order, the non-Designating Party responsible for the Disclosure shall bring
24 all pertinent facts relating to the Disclosure of such Confidential Materials to the
25 immediate attention of the Designating Party.
26     16.    This Protective Order is entered into without prejudice to the right of any
27 Party to knowingly waive the applicability of this Protective Order to any Confidential
28 Materials designated by that Party. If the Designating Party uses Confidential Materials

8

[PROPOSED] PROTECTIVE ORDER – CONFID. AND PRIV. INFO

1  in a non-Confidential manner, then the Designating Party shall advise that the

2  designation no longer applies.

3      17.    Where any Confidential Materials, or Information derived from

4  Confidential Materials, is included in any motion or other proceeding before the Court,

5  the same shall be separately labeled "CONFIDENTIAL –SUBJECT TO

6  PROTECTIVE ORDER" and filed under seal until further order of this Court.

7      18.    The Parties shall meet and confer regarding the procedures for use of

8  Confidential Materials at trial and shall move the Court for entry of an appropriate

9  order.

10      19.    Nothing in this Protective Order shall affect the admissibility into

11  evidence of Confidential Materials, or abridge the rights of any person to seek judicial

12  review or to pursue other appropriate judicial action with respect to any ruling made by

13  the Court concerning the issue of the status of Protected Material.

14      20.    This Stipulated Protective Order shall continue to be binding after the

15  conclusion of this Proceeding and all subsequent proceedings arising from this

16  Proceeding, except that a Party may seek the written permission of the Designating

17  Party or may move the Court for relief from the provisions of this Protective Order. To

18  the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or

19  reconsider this Protective Order, even after the Proceeding is terminated.

20      21.    Upon written request made within thirty (30) days after the settlement or

21  other termination of the Proceeding, the Parties shall have thirty (30) days to either (a)

22  promptly return to counsel for each Designating Party all Confidential Materials and

23  all copies thereof (except that counsel for each Party may maintain in its files, in

24  continuing compliance with the terms of this Protective Order, all work product, and

25  one copy of each pleading filed with the Court and one copy of each deposition

26  together with the exhibits marked at the deposition), (b) agree with counsel for the

27  Designating Party upon appropriate methods and certification of destruction or other

28  disposition of such Confidential Materials, or (c) as to any Documents, Testimony or

# EXHIBIT A

**EXHIBIT A--Certification Re Confidential Discovery Materials**

1

2    I hereby acknowledge that I,_____[NAME],

3    _____ [POSITION AND

4    EMPLOYER], am about to receive Confidential Materials supplied in connection with

5    the Proceeding, Case No. 2:14-CV-05619-R (JEMx).  I certify that I understand that

6    the Confidential Materials are provided to me subject to the terms and restrictions of

7    the Protective Order filed in this Proceeding. I have been given a copy of the Protective

8    Order; I have read it, and I agree to be bound by its terms.

9        I understand that Confidential Materials, as defined in the Protective Order,

10   including any notes or other records that may be made regarding any such materials,

11   shall not be Disclosed to anyone except as expressly permitted by the Protective Order.

12   I will not copy or use, except solely for the purposes of this Proceeding, any

13   Confidential Materials obtained pursuant to this Protective Order, except as provided

14   therein or otherwise ordered by the Court in the Proceeding.

15       I further understand that I am to retain all copies of all Confidential Materials

16   provided to me in the Proceeding in a secure manner, and that all copies of such

17   Materials are to remain in my personal custody until termination of my participation in

18   this Proceeding, whereupon the copies of such Materials will be returned to counsel

19   who provided me with such Materials.

20       I declare under penalty of perjury under the laws of the United States that the

21   foregoing is true and correct. Executed on _____, 20\_\_, at

22   _____.

23   DATED:_____    BY: _____
                                         Signature
24                                       _____
                                         Title
25                                       _____
                                         Address
26                                       _____
                                         City, State, Zip
27                                       _____
28                                       Telephone Number

11

# EXHIBIT B

**EXHIBIT B**

**"CLAW-BACK" PROVISIONS**

These "Claw Back" provisions apply to the inadvertent disclosure of documents subject to a legally recognized claim of privilege, including the attorney-client privilege, and/or the attorney work-product doctrine, or any other applicable privilege. In order to provide protection of privileged documents against claims of waiver, the Parties agree as follows:

1.     The disclosure or production of documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work product doctrine, to a Receiving Party, shall not constitute the voluntary disclosure of such document or a waiver of any privilege associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, provided that the Party responsible for the disclosure took reasonable steps to prevent the disclosure and promptly took steps to rectify the error as provided in Federal Rule of Civil Procedure 26(b)(5) and as set forth herein;

2.     If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege ("Protected Document"):

(a)     the Receiving Party shall:

(1)     refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged and protected from disclosure;

(2)     immediately notify the producing Party in writing that it has discovered Documents believed to be privileged;

(3)     specifically identify the Protected Documents by appropriate identifying numbers or designations; and

(4)     within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. Where such

12

1  Protected Documents cannot be destroyed or separated, they shall not be

2  reviewed, disclosed, or otherwise used by the Receiving Party.

3  Notwithstanding, the Receiving Party is under no obligation to search or

4  review the producing Party's documents to identify potentially privileged

5  or work product protected documents.

6  (b)  If the producing Party intends to assert a claim of privilege as to

7  documents identified by the Receiving Party as Protected Documents, the producing

8  Party will, within ten (10) days of receiving the Receiving Party's written notification

9  described above, inform the Receiving Party of such intention in writing and shall

10  provide the Receiving Party with a log for such Protected Documents setting forth the

11  basis for the claim of privilege. In the event that a Protected Document contains non-

12  privileged information, the producing Party shall also provide to the Receiving Party a

13  redacted copy of the document that omits the information that the producing Party

14  believes is subject to a claim of privilege.

15  4.  If, during the course of this litigation, a Party determines it has produced a

16  Protected Document:

17  (a)  the producing Party may notify the Receiving Party of such inadvertent

18  production in writing and demand the return of such documents. Such notice may also

19  be delivered orally on the record at a deposition, promptly confirmed in writing. The

20  producing Party's written notice will identify the Protected Document by appropriate

21  identifying numbers or designations, the privilege claimed, and the basis for the

22  assertion of the privilege and shall provide the Receiving Party with a log for such

23  Protected Documents, setting forth the basis for the claim of privilege. In the event

24  that a Protected Document contains non-privileged information, the producing Party

25  shall also provide to the Receiving Party a redacted copy of the document that omits

26  the information that the producing Party believes is subject to a claim of privilege or

27  protection.

28  (b)  The Receiving Party must, within then (10) days of receiving the

13

1  producing Party's written notification described above, return, sequester, or destroy the

2  Protected Document and any copies, along with any notes, abstracts or compilations of

3  the content thereof.

4       5.     To the extent that the information contained in a Protected Document has

5  already been used in or described in other documents generated or maintained by the

6  Receiving Party prior to the date of receipt of written notice by the Producing Party as

7  set forth in paragraphs 3.(b) and 4.(a), then the Receiving Party shall sequester such

8  documents until the claim has been resolved.  If the Receiving Party disclosed the

9  Protected Document before being notified of its inadvertent production, it must take

10  reasonable steps to retrieve it.

11       6.     The Receiving Party's return, sequestering or destruction of Protected

12  Documents as provided herein will not act as a waiver of the Requesting Party's right

13  to move for the production of the returned, sequestered or destroyed documents on the

14  grounds that the documents are not, in fact, subject to a viable claim of privilege.

15  However, the Receiving Party is prohibited and estopped from arguing that:

16       (a)     the disclosure or production of the Protected Documents acts as a waiver

17  of an applicable privilege;

18       (b)     the disclosure of the Protected Document was not inadvertent;

19       (c)     the producing Party did not take reasonable steps to prevent the disclosure

20  of the Protected Documents; or

21       (d)     the Producing Party failed to take reasonable or timely steps to rectify the

22  error pursuant to applicable state or federal law.

23       7.     Should either Party seek to file with the Court a record, document or

24  information under seal, it must submit the Protected Documents to the Court under seal

25  for a determination of the claim of privilege.  The producing Party shall preserve the

26  Protected Documents until such claim is resolved.  The Receiving Party may not use

27  the Protected Documents for any purpose absent this Court's order.

28       8.     Upon a determination by the Court that the Protected Documents are

14

1  protected by an applicable privilege, and if the Protected Documents have been
2  sequestered rather than returned or destroyed by the Receiving Party, the Protected
3  Documents shall be returned or destroyed within ten (10) days of the Court's order.

4         9.     Nothing contained herein is intended to, or shall serve to limit, a Party's
5  right to conduct a review of documents, data, (including electronically stored
6  information) and other information, including without limitation, metadata, for
7  relevance, responsiveness and/or the segregation of privileged and/or protected
8  information before such information is produced to another Party.

9       10.    These Claw-Back Provisions may be modified at any time by stipulation
10 of the Parties as approved by the Court.  In addition, a Party may, at any time, apply to
11 the Court for modification of these Claw-Back Provisions pursuant to a motion brought
12 in accordance with the rules of the Court.

13      11.    The obligations created by these Claw-Back Provisions shall survive the
14 termination of this action unless otherwise modified by the Court.  The Court shall
15 retain jurisdiction, even after termination of this action, to enforce this Stipulated
16 Protective Order and to make such amendments and modifications to this Order.

17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] PROTECTIVE ORDER – CONFID. AND PRIV. INFO

1  other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a
2  Court order regarding proper preservation of such Materials. To the extent permitted by
3  law the Court shall retain continuing jurisdiction to review and rule upon the motion
4  referred to in sub-paragraph (c) herein.
5       22.    As set forth in the joint Stipulation, counsel have agreed to be bound by
6  the terms set forth herein with regard to any Confidential Materials that have been
7  produced before the Court signs this Protective Order.
8       23.    As set forth in the joint Stipulation, the Parties and all signatories to the
9  Certification attached thereto as Exhibit A agree to be bound by this Protective Order
10  pending its approval and entry by the Court. In the event that the Court modifies this
11  Protective Order, or in the event that the Court enters a different Protective Order, the
12  Parties agree to be bound by this Stipulated Protective Order until such time as the
13  Court may enter such a different Order.

15  **IT IS SO ORDERED.**

19  DATED: _9/26/14_          By: _____
20                           The Honorable Manuel L. Real

[PROPOSED] PROTECTIVE ORDER – CONFID. AND PRIV. INFO